**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 17-1010**

─────────────

MARIA BRADY,

        Plaintiff - Appellant,

    v.

BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY,

        Defendant - Appellee.

─────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge.  (8:15-cv-02196-GJH)

─────────────

Submitted:  September 20, 2017             Decided:  January 3, 2018

─────────────

Before WILKINSON, DIAZ, and FLOYD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Neil S. Hyman, LAW OFFICE OF NEIL S. HYMAN, LLC, Bethesda, Maryland, for Appellant.  Lisa Y. Settles, Adam E. Konstas, PESSIN KATZ LAW, P.A., Towson, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maria Brady appeals the district court's order granting summary judgment in favor of the Board of Education of Prince George's County on Brady's claims, brought pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. §§ 701 to 796l (West 2008 & Supp. 2017). We have reviewed the record and discern no reversible error. Accordingly, we affirm the district court's order. *See Brady v. Bd. of Educ. of Prince George's Cty.*, No. 8:15-cv-02196-GJH (D. Md. filed Dec. 7, 2016 & entered Dec. 8, 2016).

We note that the district court, in addressing Brady's constructive discharge claim, erred in its statement of the elements of that claim. In 2016, several months before the district court issued its ruling, the Supreme Court held that deliberateness of the employer's action is not required for a constructive discharge claim. *See Green v. Brennan*, 136 S. Ct. 1769, 1779–80 (2016) ("We do not also require an employee to come forward with proof—proof that would often be difficult to allege plausibly—that not only was the discrimination so bad that he had to quit, but also that his quitting was his employer's plan all along.").[1] Nevertheless, the district court here held that a reasonable jury could not conclude both that Brady's workplace was objectively intolerable and that her employer's actions were deliberate. Because we agree with the

---

[1] After the district court ruled in this case, this court clarified that this element was no longer required. *See U.S. Equal Employment Opportunity Comm'n v. Consol Energy, Inc.*, 860 F.3d 131, 144 (4th Cir. 2017) ("'[D]eliberateness' is no longer a component of a constructive discharge claim.").

2

district court that the record cannot support a finding of an objectively intolerable workplace, we affirm its decision with respect to the constructive discharge claim.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*